DOCKET NO. 600

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MANDELL PATENT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 21 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

TRANSFER ORDER

This litigation consists of four actions, one each pending in the Northern District of Illinois, the Central District of California, the District of Connecticut and the Northern District of Texas. Presently before the Panel is a motion by Oak Industries, Inc. (Oak), the plaintiff in all actions, to centralize the actions in this litigation in the Northern District of Illinois, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings.[1/] No responding party opposes transfer; the sole dispute among the parties before the Panel concerns selection of either the Northern District of Illinois or the Central District of California as the preferable transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because all actions raise the issue of the validity and enforceability of United States Letters Patent No. 3,333,198, commonly referred to as the Mandell patent. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although either the Northern District of Illinois or the Central District of California could be considered an appropriate transferee district for this litigation, we conclude that the Central District of California is preferable because 1) Oak, the exclusive licensee of the Mandell patent and the plaintiff in all actions, has its principal place of business in southern California; 2) International Telemeter Corporation, the owner of the Mandell patent, had its principal place of business in southern California during the 1960's when the Mandell patent was developed and issued; 3) witnesses and documents pertaining to another patent (the '537 patent) and the issue of "prior art" will be found in southern California; and 4) defendants in three of four actions favor transfer to the Central District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Edward Rafeedie for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

1/ The motion for Section 1407 transfer in this docket included one additional action -- Oak Industries, Inc. v. C-Cor Electronics, Inc., M.D. Pennsylvania, C.A. No. 84-0483 -- that has been settled and dismissed.

Schedule A

<u>MDL-600 -- In re Mandell Patent Litigation</u>

<u>Central District of California</u>

<u>Oak Industries, Inc. v. Scientific Atlanta, Inc.</u>, C.A. No. 84-2404-ER(Px)

<u>District of Connecticut</u>

<u>Oak Industries, Inc. v. GTE Communications Products Corp.</u>, C.A. No. B84-238WWE

<u>Northern District of Texas</u>

<u>Oak Industries, Inc. v. Tocom, Inc.</u>, C.A. No. 3-84-0542H

<u>Northern District of Illinois</u>

<u>Oak Industries, Inc. v. Zenith Radio Corp.</u>, C.A. No. 84-C-3045